In this case, which the United States District Court for the Central District of California transferred to this court, the plaintiff challenges his dismissal from the Immigration and Naturalization Service ("the Service”). The plaintiff was employed as a Detention Officer. His dismissal resulted from his actions after he and another Service employee were unable to place an alien they had taken to the airport for deportation on the airplane because the alien’s reservation had been cancelled.
Instead of immediately returning the alien to jail to await another flight, the plaintiff and his partner permitted the alien (1) to have dinner with his family in a restaurant at a table separate from that at which the Service employees ate, and (2) to return home to change his clothes and take a shower. During those events, the plaintiff consumed alcoholic beverages at the restaurant, at the alien’s home, and in the automobile in which the alien was returned to the jail. The alien’s family paid for all or part of the food and drink the plaintiff and his partner consumed at the restuarant. The plaintiff used his private automobile for these activities instead of an official car. These actions by the plaintiff violate various regulations and procedures of the Service.
In dismissing the plaintiff, the Service noted that he previously had been suspended for 60 days for mistreating an alien by beating him up and for using a private automobile instead of an official vehicle.
After the Service dismissed the plaintiff, he appealed to the Federal Employee Appeals Authority ("Appeals Authority”) of the Civil Service Commission (which has been succeeded by the Merit Systems Protection Board). After a hearing, the Appeals Authority upheld the dismissal. The plaintiff then filed the present suit. Both parties moved for summary judgment, and we heard oral argument.
*728 The plaintiff challenges the decision of the Appeals Authority on a number of grounds, including attacks on the sufficiency of the evidence and the propriety of the penalty of dismissal. The Appeals Authority fully discussed these issues in a careful opinion. Our review of that opinion and the administrative record satisfies us that the record supports the Appeals Authority’s decision, that that decision is in accord with the governing substantive and procedural statutes and regulations, and that it is not arbitrary or capricious. Accordingly, we sustain it.
The decision of the Federal Employee Appeals Authority is affirmed, plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.